

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00039-CR

John Wayne **HASKINS**, III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR8543
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:　Velia J. Meza, Justice

Sitting:　　Rebeca C. Martinez, Chief Justice
　　　　　H. Todd McCray, Justice
　　　　　Velia J. Meza, Justice

Delivered and Filed: January 21, 2026

AFFIRMED

### BACKGROUND

On December 3, 2022, the appellant, John Wayne Haskins, III, was arrested for evading arrest with a vehicle, a third-degree felony. On September 28, 2023, a grand jury returned a true bill of indictment against Haskins. On November 18, 2024, a jury trial was conducted. At its conclusion of the proceedings, the jury found Haskins guilty of evading arrest or detention with a

motor vehicle. The trial court sentenced Haskins to four years confinement in the Texas Department of Criminal Justice Correctional Institutions Division. This appeal followed.

## DISCUSSION

In his sole issue on appeal, Haskins argues that the evidence was legally insufficient to support the conviction. Specifically, he contends the State failed to establish the essential elements of the offense beyond a reasonable doubt. We disagree.

1.  Standard of Review

Evidentiary sufficiency challenges are reviewed by considering the evidence in the light most favorable to the verdict to determine whether a rational trier of facts could have found all the essential elements of the offense beyond a reasonable doubt. *Wilson v. State*, 448 S.W.3d 418, 425 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). While each fact need not point directly and independently to the appellant's guilt, the cumulative force of all the incriminating circumstances must be sufficient to establish the conviction. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

"The jury is the sole judge of the credibility and weight to be attached to the testimony of witnesses." *Dunham v. State*, 666 S.W.3d 477, 482 (Tex. Crim. App. 2023) (internal quotation marks omitted). As such, the jury's verdict will stand "unless it is found to be irrational or unsupported." *Id.*

2.  Essential Elements for Evading Arrest with a Vehicle

In this case, Haskins's indictment[1] alleged that "while using a vehicle, [he] intentionally fle[d] from a person . . . [that he] knew was a peace officer who was attempting lawfully to arrest

---

[1] Haskins's indictment also included an additional allegation to enhance his punishment: that before the commission of the offense Haskins "was convicted of the felony of ASSUALT-PUBLC SERV-BI." We will not review the sufficiency of the enhancement since Haskins does not challenge them on appeal. *See Burks v. State*, No. PD-0992-

and detain [him]." Thus, Haskins was charged with violating section 38.04 of the Texas Penal Code. *See* TEX. PEN. CODE § 38.04.

Section 38.04 of the Penal Code provides that it is a third-degree felony for (1) a person to (2) intentionally flee (3) from a peace officer (4) with knowledge he is a peace officer (5) with knowledge the peace officer is attempting to arrest or detain him (6) the attempted arrest or detention is lawful, and (7) he uses a vehicle while in flight. TEX. PEN. CODE § 38.04(a), (b)(2)(A); *see also Nicholson v. State*, 682 S.W.3d 238, 245 (Tex. Crim. App. 2024) (discussing the elements of § 38.04).

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PEN. CODE § 6.03(a). "Direct evidence of the requisite intent is not required." *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). Instead, juries "may infer intent from any facts which tend to prove its existence, including the acts, words, and conducts of the accused." *Id.* (citing *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999)).

In this case, the requisite knowledge required under § 38.04 requires the defendant know a police officer is attempting to arrest them but they "refuse[] to yield to a police show of authority." *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). "Evidence that a police officer is asserting authority and attempting to arrest or detain an individual includes use of emergency lights and sirens, pointing to a driver to pull the vehicle over, and issuing verbal commands." *Matthews v. State*, No. 01-15-01100-CR, 2017 WL 491285, at *3 (Tex. App.—Houston [1st Dist.] Feb. 7, 2017, pet. ref'd) (mem. op., not designated for publication) (citing *Duvall v. State*, 367 S.W.3d 509, 513 (Tex. App.—Texarkana 2012, pet. ref'd)). Moreover,

---

15, 2017 WL 3443982, at *1 (Tex. Crim. App. June 28, 2017) (not designated for publication) (holding that appellate courts should only review legal sufficiency of elements challenged on appeal).

fleeing is "anything less than prompt compliance with an officer's direction to stop, and fleeing slowly is still fleeing." *Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.) (internal quotation marks omitted).

    3.  <u>The Evidence Presented Was Legally Sufficient to Support the Jury's Verdict</u>

In its case in chief, the State proffered the testimony of one witness: Deputy Laura Mendez-Elias. At trial, Mendez-Elias testified that on the night in question, she initiated the traffic stop after noticing the registration for Haskins's vehicle was expired. Mendez-Elias positioned her vehicle behind Haskins and activated her emergency lights and siren. Mendez-Elias's dash camera footage—which was admitted into evidence—captured Haskins continue to drive after Mendez-Elias initiated the traffic stop. The video further shows Haskins temporarily stopping in the center turn lane located in the middle of the roadway prior to driving off again. Deputy Elias testified that after Haskins's vehicle came to a stop, she witnessed the driver's side window "lower[] down all the way." Due to this, she "sounded off the sirens again" and "gave [Haskins] demands [on her patrol vehicle's intercom system] to make sure that he heard [her] in case he hadn't prior to that." Despite this show of force, Haskins "proceeded into the roadway" and continued driving again for approximately one minute until an assisting sheriff's deputy blocked Haskins's path of travel, forcing him to "c[o]me to a complete stop."

Haskins testified in his defense stating that he felt that someone was following him and noticed that "their headlights were very close to the back of [his] vehicle, blinding [him]." When he initially stopped, Haskins noticed that the vehicle was a "silver Tahoe that had no logo on it or nothing. So [he] thought it was road rage." Concerned for his safety, Haskins decided to drive away. Haskins claimed that he did not notice Deputy Elias's overhead lights because he was not "paying attention to . . . who was [driving] behind [him]" due to the "COVID-like symptoms" he

was experiencing. Furthermore, he testified that the "drainage in [his] ears," combined with the "Christmas music [he had playing] up loud," prevented him from hearing Deputy Elias's siren or intercom.

Deferring to the jury's determination and resolution of the controverting testimony, they could have disbelieved Haskins's testimony that he did not see Deputy Mendez-Elias's overhead lights or hear her sirens and commands. *See Gilbert v. State*, No. 08-22-00188-CR, 2023 WL 3400643, at *4 (Tex. App.—El Paso May 11, 2023, no pet.) (mem. op.) (citing *Curry*, 30 S.W.3d at 406). Viewing all the evidence in the light most favorable to the verdict, we conclude that the jury could rationally find the State proved the essential elements of evading arrest with a motor vehicle beyond a reasonable doubt. *Wilson*, 448 S.W.3d at 425. Consequently, we overrule Haskins's sole issue on appeal.

### CONCLUSION

Accordingly, we affirm the trial court's judgment.

Velia J. Meza, Justice

DO NOT PUBLISH